IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PHILLIP SAROFIM | § | |
| | § | Cause No._____ |
| V. | § | |
| | § | |
| IMAGE AUTO GROUP, LLC, | § | Jury Demand |
| ET AL. | § | |

## INDEX OF MATTERS FILED WITH REMOVAL OF CASE

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Attached to Defendants' Notice of Removal are the following:

1. Civil Case Information Sheet;

2. Plaintiff's Original Petition and Request for Disclosure;

3. Plaintiffs' First Amended Petition and Request for Disclosure;

4. Defendant Image Auto Group, LLC's Special Appearance and Original Answer to Plaintiff's First Amended Petition Subject to Special Appearance;

5. Defendant Maverick Motorsports, LLC D/B/A Dallas Motorsports' Original Answer;

6. Defendant's Demand for Jury Trial; and

7. Case Detail.

9/5/2017 6:23:43 PM
Chris Daniel - District Clerk
Harris County
Envelope No: 19244084
By: LEMON, JUSTINA V
Filed: 9/6/2017 6:25:49 PM

# CIVIL CASE INFORMATION SHEET (REV. 2/13)

CAUSE NUMBER (FOR CLERK USE ONLY): **2017-58123 / Court: 215**    COURT (FOR CLERK USE ONLY):

STYLED    Phillip Sarofim v Image Auto Group, LL

(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

## 1. Contact information for person completing case information sheet:

| | | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|---|
| Name: | Email: | Plaintiff(s)/Petitioner(s): | [X] Attorney for Plaintiff/Petitioner |
| Marcus R Spagnoletti | mspagnoletti@spaglaw.com | Phillip Sarofim | [ ] Pro Se Plaintiff/Petitioner |
| | | | [ ] Title IV-D Agency |
| Address: | Telephone: | | [ ] Other: |
| 401 Louisiana St 8th Fl | 713.653.5600 | | |
| | | | Additional Parties in Child Support Case: |
| City/State/Zip: | Fax: | Defendant(s)/Respondent(s): | Custodial Parent: |
| Houston TX 77002 | 713.653.5656 | Image Auto Group, LLC, | |
| | | Maverick Motorsports, LLC | Non-Custodial Parent: |
| Signature: | State Bar No: | d/b/a Dallas Motorsports | |
| /s/ Marcus R Spagnoletti | 24076708 | | Presumed Father: |
| | | [Attach additional page as necessary to list all parties] | |

## 2. Indicate case type, or identify the most important issue in the case (select only 1):

| Civil | | | | Family Law | |
|---|---|---|---|---|---|
| **Contract** | **Injury or Damage** | **Real Property** | **Marriage Relationship** | **Post-judgment Actions (non-Title IV-D)** | |
| *Debt/Contract* | [ ] Assault/Battery | [ ] Eminent Domain/ Condemnation | [ ] Annulment | [ ] Enforcement | |
| [ ] Consumer/DTPA | [ ] Construction | [ ] Partition | [ ] Declare Marriage Void | [ ] Modification—Custody | |
| [ ] Debt/Contract | [ ] Defamation | [ ] Quiet Title | *Divorce* | [ ] Modification—Other | |
| [ ] Fraud/Misrepresentation | *Malpractice* | [ ] Trespass to Try Title | [ ] With Children | **Title IV-D** | |
| [ ] Other Debt/Contract: | [ ] Accounting | [ ] Other Property: | [ ] No Children | [ ] Enforcement/Modification | |
| | [ ] Legal | | | [ ] Paternity | |
| *Foreclosure* | [ ] Medical | | | [ ] Reciprocals (UIFSA) | |
| [ ] Home Equity—Expedited | [ ] Other Professional Liability: | **Related to Criminal Matters** | **Other Family Law** | [ ] Support Order | |
| [ ] Other Foreclosure | | [ ] Expunction | [ ] Enforce Foreign Judgment | **Parent-Child Relationship** | |
| [ ] Franchise | [ ] Motor Vehicle Accident | [ ] Judgment Nisi | [ ] Habeas Corpus | [ ] Adoption/Adoption with Termination | |
| [ ] Insurance | [ ] Premises | [ ] Non-Disclosure | [ ] Name Change | [ ] Child Protection | |
| [ ] Landlord/Tenant | *Product Liability* | [ ] Seizure/Forfeiture | [ ] Protective Order | [ ] Child Support | |
| [ ] Non-Competition | [ ] Asbestos/Silica | [ ] Writ of Habeas Corpus— Pre-indictment | [ ] Removal of Disabilities of Minority | [ ] Custody or Visitation | |
| [ ] Partnership | [ ] Other Product Liability List Product: | [ ] Other: | [ ] Other: | [ ] Gestational Parenting | |
| [ ] Other Contract: | | | | [ ] Grandparent Access | |
| | [X] Other Injury or Damage: | | | [ ] Parentage/Paternity | |
| | | | | [ ] Termination of Parental Rights | |
| **Employment** | | **Other Civil** | | [ ] Other Parent-Child: | |
| [ ] Discrimination | [ ] Administrative Appeal | [ ] Lawyer Discipline | | | |
| [ ] Retaliation | [ ] Antitrust/Unfair Competition | [ ] Perpetuate Testimony | | | |
| [ ] Termination | [ ] Code Violations | [ ] Securities/Stock | | | |
| [ ] Workers' Compensation | [ ] Foreign Judgment | [ ] Tortious Interference | | | |
| [ ] Other Employment: | [ ] Intellectual Property | [ ] Other: | | | |

| **Tax** | **Probate & Mental Health** | |
|---|---|---|
| [ ] Tax Appraisal | *Probate/Wills/Intestate Administration* | [ ] Guardianship—Adult |
| [ ] Tax Delinquency | [ ] Dependent Administration | [ ] Guardianship—Minor |
| [ ] Other Tax | [ ] Independent Administration | [ ] Mental Health |
| | [ ] Other Estate Proceedings | [ ] Other: |

## 3. Indicate procedure or remedy, if applicable (may select more than 1):

| | | |
|---|---|---|
| [ ] Appeal from Municipal or Justice Court | [ ] Declaratory Judgment | [ ] Prejudgment Remedy |
| [ ] Arbitration-related | [ ] Garnishment | [ ] Protective Order |
| [ ] Attachment | [ ] Interpleader | [ ] Receiver |
| [ ] Bill of Review | [ ] License | [ ] Sequestration |
| [ ] Certiorari | [ ] Mandamus | [ ] Temporary Restraining Order/Injunction |
| [ ] Class Action | [ ] Post-judgment | [ ] Turnover |

## 4. Indicate damages sought (do not select if it is a family law case):

[ ] Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
[ ] Less than $100,000 and non-monetary relief
[ ] Over $100, 000 but not more than $200,000
[ ] Over $200,000 but not more than $1,000,000
[X] Over $1,000,000



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   November 29, 2017

Certified Document Number:        76546346 Total Pages:  1

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**

9/5/2017 6:25 PM
Chris Daniel - District Clerk Harris County
Envelope No. 19244084
By: Justina Lemon ·
Filed: 9/5/2017 6:25 PM

# 2017-58123 / Court: 215

### CAUSE NO. _____

| | |
|---|---|
| PHILLIP SAROFIM | IN THE DISTRICT COURT |
| | |
| VS. | HARRIS COUNTY, TEXAS |
| | |
| IMAGE AUTO GROUP, LLC and MAVERICK MOTORSPORTS, LLC D/B/A DALLAS MOTORSPORTS | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff Phillip Sarofim ("Plaintiff" and/or "Sarofim"), complaining of Defendants Image Auto Group, L.L.C.. ("IAG") and Maverick Motorsports, LLC d/b/a Dallas Motorsports ("Dallas Motorsports") and, for cause of action would show unto this Honorable Court, as follows:

### I. DISCOVERY CONTROL PLAN

1.1     Plaintiff intends to conduct discovery under Level 2, pursuant to the Texas Rule of Civil Procedure 190.3.

1.2     Plaintiff affirmatively pleads that this suit does not fall under the expedited-actions process of Texas Rule of Civil Procedure because Plaintiff is seeking monetary relief in excess of $100.000.

### II. CLAIM FOR RELIEF

2.1     Pursuant to Tex. R. Civ. P. 47(c)(5), Plaintiff alleges that he is seeking monetary relief over $200,000 but not more than $1,000,000.

### III. PARTIES

3.1     Plaintiff, Phillip Sarofim, is a resident and citizen of Houston, Harris County, Texas.

3.2     Defendant Image Auto Group LLC., is a Nevada limited liability company with its principal place of business in Nevada, and which does business in this County and the State of Texas for the purpose of accumulating monetary profit, but does not maintain a regular place of business nor a designated agent for service of process in the State of Texas. For these reasons, long-arm service of process is to be upon the Texas Secretary of State pursuant to Tex.Civ.Prac. & Rem. Code §17.044. This suit arises out of business contacts in the State of Texas and, under the circumstances, Image Auto Group LLC, has appointed the Texas Secretary of State, 1019 Brazos Street, Austin, Texas 78701, as its agent upon whom service of process may be had in this action. The Texas Secretary of State is requested to forward a copy of this Petition, along with Citation, by certified mail, return receipt requested, to Defendant, Image Auto Group LLC, at its home office 4945 Stacey Avenue, Las Vegas, NV 89108

3.3     Defendant Maverick Motorsports, LLC d/b/a Dallas Motorsports is a Texas limited liability company with its principal place of business at 4311 Middleton Road, Dallas, TX 75229, and which does business in this County and the State of Texas for the purpose of accumulating monetary profit.  This defendant may be served with citation through its registered agent, United States Corporation Agents, Inc., 9900 Spectrum Drive, Austin, TX 78717.

3.4     Plaintiff specifically invokes the right to institute this suit against whatever entities were conducting business using an assumed or common name, if any, with regard to the events described in this Petition. Plaintiff specifically invokes the right under Rule 28, Texas

Certified Document Number: 76546345 - Page 2 of 8

Rules of Civil Procedure, to have the true name of such parties substituted at a later time, if necessary.

## IV. JURISDICTION AND VENUE

4.1     This Court has jurisdiction over this case because Defendants are residents of and/or systematically conduct business in the State of Texas.  The damages sought herein are in excess of the minimal jurisdictional limits of this Court.

4.2     Venue is proper in Harris County, Texas under Tex. Civ. Prac. & Rem. Code § 15.002(a)(1), since all or a substantial part of the events or omissions giving rise to the claim occurred in Harris County.

## V. FACTS

5.1     It has become necessary to bring this action because of serious damage sustained to a rare, luxury supercar purchased by Plaintiff.

5.2     The Ruf CTR2 Sport was a 2-door supercar built by Ruf Automobile of Germany. The supercar is based on Porsche's 933-chassis 911 Turbo. Originally offered at a retail Price of $315,000 USD, the CTR2 Sport featured either the standard rear-wheel drive or an optional all-wheel-drive, Recaro racing seats with Simpson five-point belts, enlarged brakes, an integrated roll-cage, a Ruf manufactured coil-over suspension system, an integrated bi-functional rear wing (for downforce, and air induction to 2 intercoolers, one on each side) and a kevlar body with lightweight glass. The vehicle came with a race-derived air-cooled 3.6 litre, twin-turbocharged flat-six engine that produced 580 horsepower.

5.3     Capable of running from 0-60 mph in under 3.5 seconds and hitting a top speed in excess of 220 miles per hour (354 km/h) the CTR2 Sport is one of the fastest production

3

supercars in the world. Ruf Automobile built only 15 CTR2 Sport models, only six of which are located in North America.

    5.4    On October 27, 2015, an Image Auto Group operated Peterbilt was transporting a six luxury vehicles. One of these, was the 1998 Ruf CTR2 Sport supercar owned by the Plaintiff. On that date, the transporter was traveling southbound on Route 17 in Virginia, when the driver lost control of the vehicle. At approximately 5:30 P.M., the transporter went off the wet highway causing substantial damage to Mr. Sarofim's rare vehicle

    5.5    Defendant Dallas Motorsports brokered the purchase of the Ruf supercar, and selected IAG to transport the vehicle across the country.

    5.6    The damage to Plaintiff's vehicle was not caused by any fault of his own, but rather the negligence and/or gross negligence of Defendants.

## VI. CAUSES OF ACTION

**A.**    **Negligence and Negligence *Per Se* - Defendant Image Auto Group**

    6.1    IAG owed Plaintiff a duty to exercise ordinary care in the transport of his vehicle.

    6.2    The damages sustained by Plaintiff were proximately caused by the negligence and negligence *per se* of IAG's driver, including without limitation, one or more of the following acts:

    (a)    failing to observe and obey traffic signs;

    (b)    failing to keep a proper lookout as a person of ordinary care and prudence would have kept under the same or similar circumstances;

    (c)    traveling at a faster rate of speed than a person exercising ordinary care and prudence would have traveled under the same or similar circumstances;

Certified Document Number: 76546345 - Page 4 of 8

(d)    failing to make such a timely and proper application of the brakes as would have been made by a person exercising ordinary care and prudence under the same or similar circumstances;

(e)    failing to make such turning movements of the vehicle in question as would have been made by a person exercising ordinary care and prudence under the same or similar circumstances;

(f)    failing to drive as a reasonable driver would under same or similar circumstances; and

(g)    other acts of negligence and/or omissions to be shown at trial herein.

6.3    Each of the above listed acts and/or omissions, taken singularly or in combination, were a proximate cause of the collision made the basis of this suit and the injuries and damages suffered by Plaintiff.

6.4    At the time of the incident, IAG's driver was an employee of IAG.  The incident made the basis of this lawsuit occurred while the driver was acting within the course and scope of his employment with IAG. IAG is liable for the negligence of its driver.

6.5    The damages sustained by Plaintiff were proximately caused by the negligence of IAG, including without limitation,  one or more of the following acts:

(a)    failing to properly train its driver;

(b)    failing to supervise its driver;

(c)    failing to investigate the driving ability of its driver; and

(d)    other acts of negligence and/or omissions to be shown at trial herein.

6.6    Each of the above listed acts and/or omissions, taken singularly or in combination, were a proximate cause of the collision made the basis of this suit and the injuries and damages suffered by Plaintiff.

Certified Document Number: 76546345 - Page 5 of 8

**B.      Negligence - Defendant Dallas Motorsports**

6.7      Dallas Motorsports owed Plaintiff a duty to exercise ordinary care in the transport of his vehicle.

6.8      The damages sustained by Plaintiff were proximately caused by the negligence of Dallas Motorsports, including without limitation,  one or more of the following acts:

(a)      failing to investigate IAG's ability to transport Plaintiff's vehicle;

(b)      failing to adequately supervise IAG in the transport of Plaintiff's vehicle;

(c)      failing to act as a reasonable company would under the same of similar circumstances;

(d)      failing to hire a transportation company with adequate insurance coverage; and

(e)      failing to investigate the insurance coverage IAG had;

(f)      failing to require IAG to obtain adequate insurance; and

(g)      other acts of negligence and/or omissions to be shown at trial herein.

6.9      Each of the above listed acts and/or omissions, taken singularly or in combination, were a proximate cause of the collision made the basis of this suit and the injuries and damages suffered by Plaintiff.

**C.      Gross Negligence**

6.10      Defendants' acts and/or omissions rose to the level of gross negligence and warrant the imposition of exemplary damages. Defendants were consciously aware of the risk of harm to Plaintiff, yet exhibited conscious indifference to the rights and welfare of Plaintiff, which proximately caused his injuries and damages

Certified Document Number: 76546345 - Page 6 of 8

## VII.  DAMAGES

7.1     Dallas Motorsports' negligence proximately caused injury to the Plaintiff, which resulted in the following damages: (1) significant repair costs to the vehicle; (2) transport costs related to repair work; (3) labor costs for highly specialized mechanics to work on the supercar; and (4) diminished value in the car.

7.2     IAG's negligence proximately caused injury to the Plaintiff.  Plaintiff seeks damages for diminution in property value against this Defendant.

## VIII.  REQUEST FOR DISCLOSURE

8.1     Plaintiff requests that each defendant disclose, within 50 days of the original service of this request, the information or material described in Rule 194.2, Tex.R.Civ.P.

WHEREFORE, Plaintiff prays the Court issue citation for Defendants to appear and answer herein, and that Plaintiff be awarded a judgment against Defendants for the following:

a.   Actual damages;
b.   Exemplary damages;
c.   Prejudgment and postjudgment interest;
d.   Court costs;
e.   Punitive damages and attorney's fees; and
f.   All other relief to which Plaintiff is entitled.

Respectfully submitted,

By: */s/ Marcus R. Spagnoletti*
Marcus R. Spagnoletti
TX SBN 24076708
Eric J. Rhine
TX SBN 24060485
SPAGNOLETTI & CO.
401 Louisiana Street, 8th Floor
Houston, Texas 77002
Telephone:     713.653.5600
Facsimile:     713.653.5656
Email:         marcus@spaglaw.com
               erhine@spaglaw.com

ATTORNEYS FOR PLAINTIFF



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   November 29, 2017

Certified Document Number:        76546345 Total Pages:  8

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

10/27/2017 2:56 PM
Chris Daniel - District Clerk Harris County
Envelope No. 20360491
By: JEANETTA SPENCER
Filed: 10/27/2017 2:56 PM

CAUSE NO. 2017-58123

| | |
|---|---|
| PHILLIP SAROFIM | IN THE DISTRICT COURT |
| VS. | HARRIS COUNTY, TEXAS |
| IMAGE AUTO GROUP, LLC, ET AL | 215TH JUDICIAL DISTRICT |

**PLAINTIFF'S FIRST AMENDED PETITION AND REQUEST FOR DISCLOSURE**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff Phillip Sarofim ("Plaintiff" and/or "Sarofim"), complaining of

Defendants Image Auto Group, L.L.C.. ("IAG"), Maverick Motorsports, LLC d/b/a Dallas

Motorsports, Maverick Motorsports, LLC, Carl Janin, and Jonathan Peck and, for cause of action

would show unto this Honorable Court, as follows:

### I. DISCOVERY CONTROL PLAN

1.1     Plaintiff intends to conduct discovery under Level 2, pursuant to the Texas Rule

of Civil Procedure 190.3.

1.2     Plaintiff affirmatively pleads that this suit does not fall under the expedited-

actions process of Texas Rule of Civil Procedure because Plaintiff is seeking monetary relief in

excess of $100.000.

### II. CLAIM FOR RELIEF

2.1     Pursuant to Tex. R. Civ. P. 47(c)(5), Plaintiff alleges that he is seeking monetary

relief over $200,000 but not more than $1,000,000.

Certified Document Number: 77201718 - Page 1 of 8

### III. PARTIES

3.1     Plaintiff, Phillip Sarofim, is a resident and citizen of Houston, Harris County, Texas.

3.2     Defendant Image Auto Group LLC., is a Nevada limited liability company with its principal place of business in Nevada, and which does business in this County and the State of Texas for the purpose of accumulating monetary profit, but does not maintain a regular place of business nor a designated agent for service of process in the State of Texas. For these reasons, long-arm service of process is to be upon the Texas Secretary of State pursuant to Tex.Civ.Prac. & Rem. Code §17.044. This suit arises out of business contacts in the State of Texas and, under the circumstances, Image Auto Group LLC, has appointed the Texas Secretary of State, 1019 Brazos Street, Austin, Texas 78701, as its agent upon whom service of process may be had in this action. The Texas Secretary of State is requested to forward a copy of this Petition, along with Citation, by certified mail, return receipt requested, to Defendant, Image Auto Group LLC, at its home office 4945 Stacey Avenue, Las Vegas, NV 89108

3.3     Defendant Maverick Motorsports, LLC d/b/a Dallas Motorsports is a Texas limited liability company with its principal place of business at 4311 Middleton Road, Dallas, TX 75229, and which does business in this County and the State of Texas for the purpose of accumulating monetary profit.  This defendant may be served with citation through its registered agent, United States Corporation Agents, Inc., 9900 Spectrum Drive, Austin, TX 78717.

3.4     Defendant Maverick Motorsports, LLC is a Texas limited liability company with its principal place of business at 4311 Middleton Road, Dallas, TX 75229, and which does business in this County and the State of Texas for the purpose of accumulating monetary profit.

Certified Document Number: 77201718 - Page 2 of 8

This defendant may be served with citation through its registered agent, United States Corporation Agents, Inc., 9900 Spectrum Drive, Austin, TX 78717.

      3.5     Defendant Carl Janin is the General Manager of Dallas Motorsports. This defendant may be served with citation at 4408 Twin Post Road, #4408, Dallas, Texas 75244.

      3.6     Defendant Jonathan Peck is the Business Manager of Dallas Motorsports. This defendant may be served with citation at 14951 Midway Road, Addison, Texas 75001.

      3.7     Plaintiff specifically invokes the right to institute this suit against whatever entities were conducting business using an assumed or common name, if any, with regard to the events described in this Petition. Plaintiff specifically invokes the right under Rule 28, Texas Rules of Civil Procedure, to have the true name of such parties substituted at a later time, if necessary.

## IV. JURISDICTION AND VENUE

      4.1     This Court has jurisdiction over this case because Defendants are residents of and/or systematically conduct business in the State of Texas. The damages sought herein are in excess of the minimal jurisdictional limits of this Court.

      4.2     Venue is proper in Harris County, Texas under Tex. Civ. Prac. & Rem. Code § 15.002(a)(1), since all or a substantial part of the events or omissions giving rise to the claim occurred in Harris County.

## V. FACTS

      5.1     It has become necessary to bring this action because of serious damage sustained to a rare, luxury supercar purchased by Plaintiff.

Certified Document Number: 77201718 - Page 3 of 8

5.2     The Ruf CTR2 Sport was a 2-door supercar built by Ruf Automobile of Germany. The supercar is based on Porsche's 933-chassis 911 Turbo. Originally offered at a retail Price of $315,000 USD, the CTR2 Sport featured either the standard rear-wheel drive or an optional all-wheel-drive, Recaro racing seats with Simpson five-point belts, enlarged brakes, an integrated roll-cage, a Ruf manufactured coil-over suspension system, an integrated bi-functional rear wing (for downforce, and air induction to 2 intercoolers, one on each side) and a kevlar body with lightweight glass. The vehicle came with a race-derived air-cooled 3.6 litre, twin-turbocharged flat-six engine that produced 580 horsepower.

5.3     Capable of running from 0-60 mph in under 3.5 seconds and hitting a top speed in excess of 220 miles per hour (354 km/h) the CTR2 Sport is one of the fastest production supercars in the world. Ruf Automobile built only 15 CTR2 Sport models, only six of which are located in North America.

5.4     On October 27, 2015, an Image Auto Group operated Peterbilt was transporting a six luxury vehicles.  One of these, was the 1998 Ruf CTR2 Sport supercar owned by the Plaintiff. On that date, the transporter was traveling southbound on Route 17 in Virginia, when the driver lost control of the vehicle. At approximately 5:30 P.M., the transporter went off the wet highway causing substantial damage to Mr. Sarofim's rare vehicle

5.5     Defendant Dallas Motorsports brokered the purchase of the Ruf supercar, and selected IAG to transport the vehicle across the country.

5.6     The damage to Plaintiff's vehicle was not caused by any fault of his own, but rather the negligence and/or gross negligence of Defendants.

Certified Document Number: 77201718 - Page 4 of 8

4

## VI. CAUSES OF ACTION

**A.      Negligence and Negligence *Per Se* - Defendant Image Auto Group**

6.1      IAG owed Plaintiff a duty to exercise ordinary care in the transport of his vehicle.

6.2      The damages sustained by Plaintiff were proximately caused by the negligence and negligence *per se* of IAG's driver, including without limitation,  one or more of the following acts:

    (a)      failing to observe and obey traffic signs;

    (b)      failing to keep a proper lookout as a person of ordinary care and prudence would have kept under the same or similar circumstances;

    (c)      traveling at a faster rate of speed than a person exercising ordinary care and prudence would have traveled under the same or similar circumstances;

    (d)      failing to make such a timely and proper application of the brakes as would have been made by a person exercising ordinary care and prudence under the same or similar circumstances;

    (e)      failing to make such turning movements of the vehicle in question as would have been made by a person exercising ordinary care and prudence under the same or similar circumstances;

    (f)      failing to drive as a reasonable driver would under same or similar circumstances; and

    (g)      other acts of negligence and/or omissions to be shown at trial herein.

6.3      Each of the above listed acts and/or omissions, taken singularly or in combination, were a proximate cause of the collision made the basis of this suit and the injuries and damages suffered by Plaintiff.

Certified Document Number: 77201718 - Page 5 of 8

6.4     At the time of the incident, IAG's driver was an employee of IAG. The incident made the basis of this lawsuit occurred while the driver was acting within the course and scope of his employment with IAG. IAG is liable for the negligence of its driver.

6.5     The damages sustained by Plaintiff were proximately caused by the negligence of IAG, including without limitation, one or more of the following acts:

(a)     failing to properly train its driver;

(b)     failing to supervise its driver;

(c)     failing to investigate the driving ability of its driver; and

(d)     other acts of negligence and/or omissions to be shown at trial herein.

6.6     Each of the above listed acts and/or omissions, taken singularly or in combination, were a proximate cause of the collision made the basis of this suit and the injuries and damages suffered by Plaintiff.

**B.      Negligence - Defendants Maverick Motorsports d/b/a Dallas Motorsports, Maverick Motorsports, LLC, Carl Janin, and Jonathan Peck**

6.7     Defendants owed Plaintiff a duty to exercise ordinary care in the transport of his vehicle.

6.8     The damages sustained by Plaintiff were proximately caused by the negligence of Defendants , including without limitation, one or more of the following acts:

(a)     failing to investigate IAG's ability to transport Plaintiff's vehicle;

(b)     failing to adequately supervise IAG in the transport of Plaintiff's vehicle;

(c)     failing to act as a reasonable company would under the same of similar circumstances;

(d)     failing to hire a transportation company with adequate insurance coverage; and

6

(e)     failing to investigate the insurance coverage IAG had;

(f)     failing to require IAG to obtain adequate insurance; and

(g)     other acts of negligence and/or omissions to be shown at trial herein.

6.9     Each of the above listed acts and/or omissions, taken singularly or in combination, were a proximate cause of the collision made the basis of this suit and the injuries and damages suffered by Plaintiff.

## C.    Gross Negligence

6.10     Defendants' acts and/or omissions rose to the level of gross negligence and warrant the imposition of exemplary damages. Defendants were consciously aware of the risk of harm to Plaintiff, yet exhibited conscious indifference to the rights and welfare of Plaintiff, which proximately caused his injuries and damages

## VII.  DAMAGES

7.1     Maverick Motorsports d/b/a Dallas Motorsports, Maverick Motorsports, LLC, Carl Janin, and Jonathan Peck's negligence proximately caused injury to the Plaintiff, which resulted in the following damages: (1) significant repair costs to the vehicle; (2) transport costs related to repair work; (3) labor costs for highly specialized mechanics to work on the supercar; and (4) diminished value in the car.

7.2     IAG's negligence proximately caused injury to the Plaintiff.  Plaintiff seeks damages for diminution in property value against this Defendant.

## VIII.  REQUEST FOR DISCLOSURE

8.1     Plaintiff requests that each defendant disclose, within 50 days of the original service of this request, the information or material described in Rule 194.2, Tex.R.Civ.P.

WHEREFORE, Plaintiff prays the Court issue citation for Defendants to appear and answer herein, and that Plaintiff be awarded a judgment against Defendants for the following:

a.  Actual damages;
b.  Exemplary damages;
c.  Prejudgment and postjudgment interest;
d.  Court costs;
e.  Punitive damages and attorney's fees; and
f.  All other relief to which Plaintiff is entitled.

Respectfully submitted,

By: */s/ Eric J. Rhine*
    Marcus R. Spagnoletti
    TX SBN 24076708
    Eric J. Rhine
    TX SBN 24060485
    SPAGNOLETTI & CO.
    401 Louisiana Street, 8th Floor
    Houston, Texas 77002
    Telephone:     713.653.5600
    Facsimile:     713.653.5656
    Email:         marcus@spaglaw.com
                   erhine@spaglaw.com

ATTORNEYS FOR PLAINTIFF

Certified Document Number: 77201718 - Page 8 of 8



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   November 29, 2017

Certified Document Number:        77201718 Total Pages:  8

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**

11/27/2017 2:58 PM
Chris Daniel - District Clerk Harris County
Envelope No. 20913431
By: JEANETTA SPENCER
Filed: 11/27/2017 2:58 PM

CAUSE NO. 2017-58123

| | | |
|---|---|---|
| PHILLIP SAROFIM | § | IN THE DISTRICT COURT OF |
| | § | |
| V. | § | 215th JUDICIAL DISTRICT |
| | § | |
| IMAGE AUTO GROUP, LLC, | § | |
| ET AL. | § | HARRIS COUNTY, TEXAS |

## DEFENDANT IMAGE AUTO GROUP, LLC'S SPECIAL APPEARANCE AND ORIGINAL ANSWER TO PLAINTIFF'S FIRST AMENDED PETITION SUBJECT TO SPECIAL APPERANCE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, IMAGE AUTO GROUP, LLC ("Image Auto"), Defendant in the above-entitled and numbered cause of action and for its Special Appearance and, subject to its Special Appearance, Defendant's Original Answer to Plaintiff's First Amended Petition would show the Court as follows:

I.
### SPECIAL APPEARANCE

1.     Defendant Image Auto enters this special appearance pursuant to Rule 120a of the Texas Rules of Civil Procedure. This special appearance is filed prior to any other pleading and is made to the entire proceeding. Defendant makes this Special Appearance for the purpose of objecting to this Court's exercise of jurisdiction over Image Auto, and asks the Court to dismiss this suit accordingly.

2.     This Court does not have personal jurisdiction over Defendant because Image Auto: (a) is not a resident of Texas; (b) does not do business in Texas; (c) has not committed a tort made the basis of this suit, in whole or in part, in Texas; (d) maintains no office in this state; and (e) has no employees, servants, or agents within this state.

3.     Defendant Image Auto is a Nevada limited liability company with its principal place of business in Nevada, and does not maintain a regular place of business nor a

designated agent for service of process in the State of Texas. Plaintiff's complaint arises out of a single vehicle auto accident which occurred in the State of Virginia.

4.      Image Auto lacks sufficient minimum contacts with Texas to permit the exercise of either specific or general jurisdiction in this state. Any exercise of jurisdiction by Texas courts over Image Auto would violate its due process rights guaranteed by the United States Constitution.

5.      The assumption of jurisdiction over Image Auto in this Court would offend traditional notions of fair play and substantial justice, depriving Image Auto of due process rights guaranteed by the United States Constitution.

WHEREFORE, PREMISES CONSIDERED, Defendant IMAGE AUTO GROUP, LLC requests that this motion be set for hearing on notice to Plaintiff, and upon hearing that this motion be in all things sustained, that this entire proceeding be dismissed for want of jurisdiction.

## II.
## ORIGINAL ANSWER SUBJECT TO SPECIAL APPEARANCE

**A.      General Denial.**

6.      Subject to and without waiving the foregoing Special Appearance, Defendant Image Auto Group, LLC, pursuant to Rule 92 of the Texas Rules of Civil Procedure, generally denies the allegations in this lawsuit made by Plaintiff and demands strict proof thereof in accordance with the Constitution and laws of the State of Texas.

**B.      Affirmative Defenses.**

7.      Additionally and alternatively, without waiver of the foregoing, Image Auto affirmatively pleads that Plaintiff's claims are governed by the Carmack Amendment, 49 U.S.C. § 14706, which limits the liability of this Defendant and which preempts all State

law or common-law causes of action for damage to goods transported through interstate commerce.

8.     Additionally and alternatively, without waiver of the foregoing, Image Auto would show that nothing it did or allegedly failed to do in any way caused or contributed to the occurrence in question.

**C.     Right to Amend.**

9.     Defendant respectfully reserves the right to amend its Special Appearance and Original Answer subject to its Special Appearance, after it has had the opportunity to more closely investigate these claims which is the right and privilege of Defendant under the Texas Rules of Civil Procedure and the laws of the State of Texas.

**D.     Request for Jury Trial**

10.     Defendant respectfully demands a trial by jury pursuant to the provisions of Rule 216 of the Texas Rules of Civil Procedure.

**E.     Prayer for Relief.**

WHEREFORE, Defendant IMAGE AUTO GROUP, LLC prays that Plaintiff take nothing in his lawsuit against this Defendant and that the Court grant this Defendant such other and further relief, general and special, at law or in equity, to which this Defendant may be justly entitled.

Respectfully submitted,

HEARD & MEDACK, P.C.

By:  _/s/ David W. Medack_
David W. Medack
Texas Bar No. 13892950
M. Brennen Boze
Texas Bar No. 24069406
9494 Southwest Freeway, Suite 700
Houston, Texas 77074
(713) 772-6400 - Telephone
(713) 772-6495 - Facsimile
Email: dmedack@heardmedackpc.com
Email: bboze@heardmedackpc.com

ATTORNEYS FOR DEFENDANT
IMAGE AUTO GROUP, LLC

## CERTIFICATE OF SERVICE

Pursuant to Rule 21a of the Texas Rules of Civil Procedure, I hereby certify that a true and correct copy of the foregoing has been served upon all known counsel of record, by facsimile, email, hand delivery, U.S. First Class Mail and/or certified mail, return receipt requested, on this the 27th day of November, 2017.

**VIA EMAIL: marcus@spaglaw.com**
**erhine@spaglaw.com**
Marcus R. Spagnoletti
Eric J. Rhine
SPAGNOLETTI & CO.
401 Louisiana Street, 8th Floor
Houston, Texas 77002

*/s/ David W. Medack*
David W. Medack

| PHILLIP SAROFIM | § | IN THE DISTRICT COURT OF |
| | § | |
| V. | § | 215th JUDICIAL DISTRICT |
| | § | |
| IMAGE AUTO GROUP, LLC, | § | |
| ET AL. | § | HARRIS COUNTY, TEXAS |

## VERIFICATION IN SUPPORT OF SPECIAL APPEARANCE

| STATE OF NEVADA | § |
| | § |
| COUNTY OF CLARK | § |

BEFORE ME, the undersigned notary, on this day personally appeared MARK

PHILLIPS, who being by me duly sworn and deposed said:

"My name is MARK PHILLIPS. I am over 21 years old and capable of
making this verification. I am the President and Owner of IMAGE AUTO
GROUP, LLC which has been named a Defendant in the above-styled
cause.

I have read Defendant Image Auto Group, LLC's Special Appearance and
Original Answer to Plaintiff's First Amended Petition Subject to Special
Appearance, and the statements contained in Paragraphs 1 - 5 (Special
Appearance) are within my personal knowledge and are true and correct."

_____
Mark Phillips,
Image Auto Group, LLC

SUBSCRIBED TO AND SWORN TO, on this 27 day of November , 2017.

_____
Notary Public in and for
the State of Nevada



WHITNEY FRANK
NOTARY PUBLIC
STATE OF NEVADA
My Commission Expires: 02-24-18
Certificate No: 14-14602-1

Certified Document Number: 77566113 - Page 6 of 6



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   November 29, 2017

Certified Document Number:        77566113 Total Pages:  6

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

11/27/2017 4:56 PM
Chris Daniel - District Clerk Harris County
Envelope No. 20920940
By: Joshua Bovell
Filed: 11/27/2017 4:56 PM

**2017-58123**

| | | |
|---|---|---|
| PHILLIP SAROFIM | § | IN THE DISTRICT COURT OF |
| | § | |
| | § | |
| V | § | HARRIS COUNTY, TEXAS |
| | § | |
| | § | |
| IMAGE AUTO GROUP, LLC AND | § | |
| MAVERICK MOTORSPORTS, LLC D/B/A | § | |
| DALLAS MOTORSPORTS | § | 215TH JUDICIAL DISTRICT |

## DEFENDANT MAVERICK MOTORSPORTS, LLC
## D/B/A DALLAS MOTORSPORTS' ORIGINAL ANSWER

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW, DEFENDANT MAVERICK MOTORSPORTS, LLC D/B/A DALLAS MOTORSPORTS,** one of the Defendants in the above entitled and numbered cause of action, and for Answer to Plaintiff's Original Petition, would respectfully show the Court the following:

I.

As provided in Rule 92 of the Texas Rules of Civil Procedure, Defendant enters a general denial of the matters pleaded by Plaintiff and asks that these matters be properly decided by this Honorable Court and Jury.

II.

Specially answering, Defendant says that on the occasion in question Plaintiff failed to exercise that degree of care which a person of ordinary care would have exercised in the same or similar circumstances, and that such failure proximately caused the alleged damages.

Certified Document Number: 77570690 - Page 1 of 3

III.

In the alternative, Defendant says that the accident was an unavoidable accident, or was caused solely by the act or acts and conduct of another party or parties, as well as that of a non-party or non-parties (and if this case involves criminal act or acts, that criminal or criminals), and not this Defendant.

IV.

Defendant was acting under a sudden emergency.

V.

In the alternative, Defendant says that the incident was caused solely by the act or acts and conduct of another party or parties, as well as that of a non-party or non-parties (and if this case involves criminal act or acts, that criminal or criminals), and not this Defendant.

VI.

For further answer, Defendant would invoke Section 33.012(b) of the Civil Practice and Remedies Code that gives Defendant the right to a dollar credit. Defendant would further invoke Section 33.013 for the right to bar joint and several liabilities on Defendant's part based on the conduct of Plaintiff(s) and/or other Defendant(s) and/or Responsible Third Parties in relation to this Defendant. Defendant would further assert its right to submit the conduct of any settled tort feasor to the jury. This pleading is directed at any such settlement by Plaintiff(s) with entities who are presently parties to this action, entities who are not parties to this action and who will not be made parties, and entities who are not parties to this action but who will or may be added later as Defendant(s) or Responsible Third Parties.

Certified Document Number: 77570690 - Page 2 of 3

**WHEREFORE, PREMISES CONSIDERED**, Defendant prays that Plaintiff take nothing by this suit against this Defendant, and for such other and further relief, both general and special, at law and in equity, to which Defendant may be justly entitled.

**VINCENT SERAFINO GEARY WADDELL JENEVEIN**

*/s/ Glenn J. Fahl*
GLENN J. FAHL
State Bar No. 06773080
Esperson Building
815 Walker, Suite 350
gfahl@vinlaw.com
Houston, Texas 77002
Telephone No. 713-751-0800
Facsimile No. 713-751-0105
ATTORNEYS FOR DEFENDANT, **MAVERICK MOTORSPORTS, LLC D/B/A DALLAS MOTORSPORTS**, L.P.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was forwarded to all counsel of record herein by U.S. Certified Mail, Return Receipt Requested, U.S. First Class Regular Mail, facsimile transmittal, e-filing service, facsimile transmittal, and/or hand delivery on this the 27th day of November, 2017, as follows:

*Via e-service*: marcus@spaglaw.com
and erhine@spaglaw.com
Marcus R. Spagnoletti
Texas Bar No. 24076708
Eric J. Rhine
Texas Bar No. 24060485
SPAGNOLETTI & CO.
401 Louisiana Street, 8th Floor
Houston, Texas 77002

*/s/ Glenn J. Fahl*
**GLENN J. FAHL**

Certified Document Number: 77570690 - Page 3 of 3



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   November 29, 2017

Certified Document Number:        77570690 Total Pages:  3

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

11/27/2017 5:01 PM
Chris Daniel - District Clerk Harris County
Envelope No. 20921170
By: Lisa Thomas
Filed: 11/27/2017 5:01 PM

**2017-58123**

| | | |
|---|---|---|
| PHILLIP SAROFIM | § | IN THE DISTRICT COURT OF |
| | § | |
| | § | |
| V | § | HARRIS COUNTY, TEXAS |
| | § | |
| | § | |
| IMAGE AUTO GROUP, LLC AND | § | |
| MAVERICK MOTORSPORTS, LLC D/B/A | § | |
| DALLAS MOTORSPORTS | § | 215TH   JUDICIAL DISTRICT |

## **DEFENDANT'S DEMAND FOR JURY TRIAL**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, **MAVERICK MOTORSPORTS, LLC D/B/A DALLAS MOTORSPORTS**, DEFENDANT in the above-styled and numbered cause of action, and pursuant to Rule 216 of the Texas Rules of Civil Procedure, hereby formally make this demand for a jury trial.

The requisite jury fees are attached hereto.

Respectfully submitted,

**VINCENT SERAFINO GEARY WADDELL JENEVEIN**

*/s/ Glenn J. Fahl*
GLENN J. FAHL
State Bar No. 06773080
Esperson Building
815 Walker, Suite 350
gfahl@vinlaw.com
Houston, Texas 77002
Telephone No. 713-751-0800
Facsimile No. 713-751-0105
ATTORNEYS FOR DEFENDANT, **MAVERICK MOTORSPORTS, LLC D/B/A DALLAS MOTORSPORTS**, L.P.

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing instrument was forwarded to all counsel of record herein by U.S. Certified Mail, Return Receipt Requested, U.S. First Class Regular Mail, facsimile transmittal, e-filing service, facsimile transmittal, and/or hand delivery on this the 27th day of November, 2017, as follows:

*Via e-service*: marcus@spaglaw.com
and erhine@spaglaw.com
Marcus R. Spagnoletti
Texas Bar No. 24076708
Eric J. Rhine
Texas Bar No. 24060485
SPAGNOLETTI & CO.
401 Louisiana Street, 8th Floor
Houston, Texas 77002

*/s/ Glenn J. Fahl*
**GLENN J. FAHL**



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   November 29, 2017

Certified Document Number:          77574902 Total Pages:  2

*Chris Daniel*

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**

11/29/2017                                  Office of Harris County District Clerk - Chris Daniel

**HCDistrictclerk.com**      SAROFIM, PHILLIP vs. IMAGE AUTO GROUP LLC            11/29/2017
                             Cause: 201758123      CDI: 7      Court: 215

## DOCUMENTS

| Number | Document | Post Jdgm | Date | Pgs |
|--------|----------|-----------|------|-----|
| restricted | Defendant Image Auto Group, LLC's Special Appearance and Original Answer to Plaintiff's First Amended Petition subject to Special Appearance | | 11/27/2017 | 6 |
| restricted | Defendant Maverick Motorsports, LLC D/B/A Dallas Motorsports' Original Answer | | 11/27/2017 | 3 |
| | Defendant Maverick Motorsports, LLC D/B/A Dallas Motorsports' Original Answer | | 11/27/2017 | |
| restricted | Defendant's Demand for Jury Trial | | 11/27/2017 | 2 |
| restricted | Civil Process Pick-Up Form | | 11/06/2017 | 1 |
| restricted | Civil Process Request | | 10/30/2017 | 1 |
| restricted | Civil Process Request | | 10/30/2017 | 1 |
| restricted | Plaintiff's First Amended Petition and Request for Disclosure | | 10/27/2017 | 8 |
| restricted | Civil process pick-up from | | 10/25/2017 | 1 |
| restricted | Civil Process Request | | 10/09/2017 | 1 |
| restricted | PLAINTIFFS ORIGINAL PETITION AND REQUEST FOR DISCLOSURE | | 09/05/2017 | 8 |
| -> restricted | CIVIL CASE INFORMATION SHEET | | 09/05/2017 | 1 |