IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| PHILLIP SAROFIM | § |
| | § |
| V. | §   Cause No. 4:17-cv-03627 |
| | § |
| IMAGE AUTO GROUP, LLC, | § |
| ET AL. | § |

## DEFENDANT IMAGE AUTO GROUP, LLC'S ORIGINAL ANSWER AND AFFIRMATIVE DEFENSES

Defendant IMAGE AUTO GROUP, LLC, for its Original Answer to Plaintiff's First Amended Petition (filed in the State District Court from which this case was removed), would respectfully show the Court the following:

## ADMISSIONS & DENIALS

### I. *Discovery Control Plan.*

1. The allegations in Paragraph 1.1 of Plaintiff's First Amended Petition do not require an admission or denial.

2. The allegations in Paragraph 1.2 of Plaintiff's First Amended Petition do not require an admission or denial.

### II. *Claim for Relief.*

3. The allegations in Paragraph 2.1 of Plaintiff's First Amended Petition do not require an admission or denial.

### III. *Parties.*

4. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 3.1 of Plaintiff's First Amended Petition.

5. Defendant admits that it is a Nevada limited liability company with its principal place of business in Nevada, and further admits that it does not maintain a regular place

of business nor a designated agent for service of process in the State of Texas. Defendant denies each and every other allegation contained in Paragraph 3.2 of Plaintiff's First Amended Petition.

6. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 3.3 of Plaintiff's First Amended Petition.

7. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 3.4 of Plaintiff's First Amended Petition.

8. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 3.5 of Plaintiff's First Amended Petition.

9. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 3.6 of Plaintiff's First Amended Petition.

10. The allegations in Paragraph 3.7 of Plaintiff's First Amended Petition do not require an admission or denial.

### IV. Jurisdiction and Venue.

11. Defendant denies the allegations in Paragraph 4.1 of Plaintiff's First Amended Petition in their entirety.

12. Defendant denies the allegations in Paragraph 4.2 of Plaintiff's First Amended Petition in their entirety.

### V. Facts.

13. Defendant denies the allegations in Paragraph 5.1 of Plaintiff's First Amended Petition in their entirety.

14. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 5.2 of Plaintiff's First Amended Petition.

15. Defendant is without sufficient knowledge or information to form a belief as to

the truth of the allegations contained in Paragraph 5.3 of Plaintiff's First Amended Petition.

16. Defendant is without sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegation that the described incident "caused substantial damage to Mr. Sarofim's rare vehicle," and therefore denies same. Defendant admits the remaining allegations contained in Paragraph 5.4 of Plaintiff's First Amended Petition.

17. Defendant admits the allegations in Paragraph 5.5 of Plaintiff's First Amended Petition.

18. Defendant denies that it was negligent or grossly negligent, but admits the remaining allegations contained in Paragraph 5.6 of Plaintiff's First Amended Petition.

**VI.  Causes of Action.**

19. Defendant admits the allegations contained in Paragraph 6.1 of Plaintiff's First Amended Petition.

20. Defendant denies the allegations contained in Paragraph 6.2 of Plaintiff's First Amended Petition in their entirety, including subparagraphs thereof.

21. Defendant denies the allegations contained in Paragraph 6.3 of Plaintiff's First Amended Petition in their entirety.

22. Defendant denies Plaintiff's allegation that "IAG is liable for the negligence of its driver," but admits the remaining allegations contained in Paragraph 6.4 of Plaintiff's First Amended Petition.

23. Defendant denies the allegations contained in Paragraph 6.5 of Plaintiff's First Amended Petition in their entirety, including subparagraphs thereof.

24. Defendant denies the allegations contained in Paragraph 6.6 of Plaintiff's First Amended Petition in their entirety.

25. Defendant is without sufficient knowledge or information to form a belief as to

the truth of the allegations contained in Paragraph 6.7 of Plaintiff's First Amended Petition.

26. Defendant denies the allegations contained in Paragraph 6.8 of Plaintiff's First Amended Petition in their entirety, including subparagraphs thereof.

27. Defendant denies the allegations contained in Paragraph 6.9 of Plaintiff's First Amended Petition in their entirety.

28. Defendant denies the allegations contained in Paragraph 6.10 of Plaintiff's First Amended Petition in their entirety.

## VII. *Damages.*

29. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in 7.1 of Plaintiff's First Amended Petition.

30. Defendant denies the allegations contained in Paragraph 7.2 of Plaintiff's First Amended Petition in their entirety.

## VIII. *Request for Disclosure*

31. The allegations in Paragraph 8.1 of Plaintiff's First Amended Petition do not require an admission or denial.

## IX. *Prayer for Relief.*

32. Defendant denies that Plaintiff is entitled to any relief whatsoever from the District Court, and further denies each and every factual allegation in the Prayer for Relief of Plaintiff's First Amended Petition, including subparagraphs thereof.

## **AFFIRMATIVE DEFENSES**

33. Defendant affirmatively pleads the defenses of accord and satisfaction, and further pleads that Plaintiff is not entitled to any additional damages or recovery from this Defendant.

4

Z:\2378\Pleadings\Def IAG's Orig. Answer (S.D.Tex.)

34. Defendant affirmatively pleads that Plaintiff's claims are governed by the Carmack Amendment, 49 U.S.C. § 14706, which limits the liability of this Defendant and which preempts any and all other statutory or common-law causes of action pleaded by the Plaintiff.

35. Defendant affirmatively pleads that nothing it did or allegedly failed to do in any way caused or contributed to the occurrence in question.

### PRAYER FOR RELIEF

Defendant IMAGE AUTO GROUP, LLC prays that this Court enter a judgment:

(a) against Plaintiff and in favor of Defendant;

(b) declaring and finding that Plaintiff's claims are governed by the Carmack Amendment, and that Plaintiff has no other viable claims or causes of action against this Defendant;

(c) adjudging that Plaintiff take nothing by this lawsuit;

(d) awarding Defendant its costs; and

(e) awarding Defendant such other and further relief as this Court deems appropriate.

Respectfully submitted,

**HEARD & MEDACK, P.C.**

By: */s/ David W. Medack*
David W. Medack
Texas Bar No. 13892950
Federal Bar No. 15597
9494 Southwest Freeway, Suite 700
Houston, Texas 77074
(713) 772-6400 - Telephone
(713) 772-6495 - Facsimile
Email: dmedack@heardmedackpc.com

ATTORNEYS FOR DEFENDANT
IMAGE AUTO GROUP, LLC

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served upon all known counsel of record, by facsimile, email, hand delivery, U.S. First Class Mail and/or certified mail, return receipt requested, on this the 6th day of December, 2017.

**VIA EMAIL: marcus@spaglaw.com**
**erhine@spaglaw.com**
Marcus R. Spagnoletti
Eric J. Rhine
SPAGNOLETTI & CO.
401 Louisiana Street, 8th Floor
Houston, Texas 77002
*Counsel for Plaintiff*

**VIA EMAIL: gfahl@vinlaw.com**
Glenn J. Fahl
Vincen Serafino Geary Waddell Jenevein
Esperson Building
815 Walker, Suite 350
Houston, Texas 77002
*Counsel for Maverick Motorsports, LLC d/b/a Dallas Motorsports*

/s/ *David W. Medack*
David W. Medack

Z:\2378\Pleadings\Def IAG's Orig. Answer (S.D.Tex.)